IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Teal, | ) | C/A No. 3:21-3319-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State Farm Mutual Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Teal, proceeding *pro se*, purports to remove this civil action that he filed in the Richland County Court of Common Pleas on May 3, 2021. Plaintiff claims Defendant State Farm Mutual Auto Insurance Company (incorrectly identified by Plaintiff in the caption) was negligent in its handling of Plaintiff's insurance claim. After Defendant appeared in state court, Plaintiff filed a notice of removal in this court on October 12, 2021. Plaintiff asserts the court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to remand to state court. (ECF No. 6.) Defendant asserts that the court lacks subject matter jurisdiction over this action because Plaintiff has no right to removal, and accordingly, the court should remand the case back to the Richland County Court of Common Pleas. Plaintiff filed a response in opposition to the motion, arguing again that the court has diversity jurisdiction in this case. (ECF No. 7.)

The court concludes that it lacks jurisdiction over this action. The right to remove an action to federal court rests solely with the defendant. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993) (stating plaintiffs may not remove state court actions to federal court); Montero v. Tulsa Airport Improvements Tr., 770 F. App'x 439, 440 (10th Cir. 2019) (stating a plaintiff cannot transfer or remove a case to federal court after suing in state court), cert. denied, 140 S. Ct. 506 (2019).  Where a plaintiff attempts to remove an action from state court, the court lacks jurisdiction and the case must be remanded to state court.  See Palisades Collections LLC v. Shorts, 552 F.3d 327, 332 (4th Cir. 2008) (providing that jurisdiction under § 1441(a) should be construed strictly because, where federal jurisdiction is doubtful, remand to state court is necessary); Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) (ordering the district court to dismiss the proceedings for want of jurisdiction where the plaintiff sought removal of a civil action for damages he filed in state court); see also Sass v. Wells Fargo Bank, N.A., C/A: 2:17-1501-RMG, 2017 WL 4286224, at *1 (D.S.C. Sept. 26, 2017) (*sua sponte* remanding a *pro se* plaintiff's purported removal of case from state court).

## RECOMMENDATION

Based on the foregoing, the court recommends that Defendant's motion be granted and that this case be remanded to the Richland County Court of Common Pleas for want of jurisdiction.[1]

November 4, 2021
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] In light of the court's recommendation, Plaintiff's motion for leave to file the omitted defendants' answer is denied as moot.  (ECF No. 5.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).